# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ANTONIO D. JONES,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-0567** |
| | ) | **(Crim. No. 3:02cr00110-1)** |
| | ) | **Judge Nixon** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

## I. INTRODUCTION
## AND
## BACKGROUND

The movant is a federal prisoner in the United States Penitentiary McCreary in Pine Knot, Kentucky. He brings this action under 28 U.S.C. § 2255.

The Grand Jury returned a three-count drug-related indictment against the movant on July 10, 2002: Count One – possession with intent to distribute 50 or more grams of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Two – possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count Three – being a convicted felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Crim. Docket Entry No. 11)

The movant was tried by a jury (Crim. Docket Entry No. 88-90), and found guilty on all three counts (Crim. Docket Entry No. 38). He was sentenced to life imprisonment on Counts One and Three, the sentences to be served concurrently, and to five (5) years on Count Two to run consecutive to Counts One and Two. (Crim. Docket Entry No. 81) The Sixth Circuit Court of Appeals affirmed the judgment of the trial court on October 11, 2006 (Crim. Docket Entry No. 101-102), and the United States Supreme Court denied his petition for a writ of *certiorari* on June 14,

2007 (Crim. Docket Entry No. 104).

The movant filed this § 2255 action on May 24, 2008. Rule 3(d), Rules – Section 2255 Proceedings. He raises four grounds for relief: 1) a fifteen-part ineffective assistance of counsel claim; 2) a demand to have his sentences reduced under Amendment No. 709 to the *United States Sentencing Commission Guidelines* (the Sentencing Guidelines); 3) ineffective assistance of appellate counsel; and 4) prosecutorial misconduct. The respondent (the government) filed a response to the motion on November 3, 2008 (Docket Entry No. 12), following which the movant filed a reply on January 8, 2009 (Docket Entry No. 17).

## II. ANALYSIS

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Rule 4(b), Rules – Section 2255 Proceedings provides that the Court shall consider the "motion, any attached exhibits, and the record of prior proceedings" in ruling on a motion filed under § 2255. *See also* 28 U.S.C. § 2255. "[W]hen the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections . . . in ruling on the collateral attack." *Smith v. United* States, 348 F.3d 545, 551 (6th Cir. 2003)(citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996)(citing *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4 (1977)).

### A. Ineffective Assistance Counsel

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a claim of constitutionally ineffective assistance of counsel comprises two elements: 1) the attorney's performance was deficient, falling below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant. *Id*. at 687. In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Id*. at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable

Case 3:08-cv-00567   Document 23   Filed 12/18/09   Page 2 of 22 PageID #: 172

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### 1. Defense Counsel Failed to Investigate, Interview, Witnesses, and Prepare the Defense Adequately

The movant asserts that defense counsel David Cooper (defense counsel) did not interview "certain witnesses," "visit[] locations," review the audiotape evidence against him, permit the movant to review the audiotape evidence, or have an expert do so.  (Docket Entry No. 1, Ground One, ¶ 1, p. 5-1)  The movant has submitted an affidavit (Jones Affidavit) in support of his claims pertaining to the audiotape evidence at issue, but he does not address the issue of witness interviews in his affidavit.  (Docket Entry No. 1, Jones Affidavit, p. 10, ¶ 10)  In his reply to the government's response, the movant clarifies this claim, asserting that Tomeka Johnson "would have testified as to [his] living arrangement at the time," and that Kendrick Whitney "had previously told investigator [*sic*] that he was the individual who sold to the informant."  (Docket Entry No. 17, ¶ 1, pp. 1-2)

Taking these claims as true, the movant has not alleged that he was prejudiced, nor can such an inference be liberally construed from the pleadings.  In other words, the movant has failed to allege that, but for defense counsel's alleged deficient performance, the result of his trial would have been different.  The Court is not required to make the movant's claim for him.  *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  In any event, the absence of prejudice is supported by the record.  As discussed *infra*, the physical evidence introduced at trial proved conclusively that the movant resided at 3288 Niagra Court in Nashville where the bulk of the evidence against him was seized, and the audiotapes proved conclusively that the movant was the person who made the drug sales that resulted in his arrest.  The testimony of Johnson and Kendrick would have made no difference in the outcome of the trial.

The movant has not established that he was prejudiced by defense counsel's representation.

3

Because the movant cannot satisfy both parts of the two-part test under *Strickland*, this claim is without merit.

Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The movant has not made a substantial showing of a denial of a constitutional right. Therefore, a COA will not issue with respect to this claim.

**2. Defense Counsel Failed to Obtain and Use Evidence
Favorable to His Defense**

The movant asserts that defense counsel failed to obtain and use evidence that the movant did not reside at 3288 Niagra Court where most of the drugs and the weapons used as evidence against him were seized. (Docket Entry No. 1, Ground One, ¶ 2, pp. 5-1 & 5-2) According to the movant, there was "available evidence" that demonstrated he lived at 2639 Smith Springs Road in Nashville. (Docket Entry No. 1, p. 5-2) The movant also touches on this claim in his affidavit, arguing that defense counsel "refused" to present evidence that showed he lived elsewhere, and that he did not exercise dominion and control over the evidence seized. (Docket Entry No. 1, Jones Affidavit, ¶ 8, p. 1)

The transcript of the proceedings at trial and record of exhibits establish that the evidence adduced at trial was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the movant resided at 3288 Niagra Court, and that he exercised dominion and control over the evidence seized there. (Crim Docket Entry No. 88, pp. 11, 20, 24, 28-30, 33-45; No. 89, 79-81, 144-

4

45, 147, 176-84, 187-94, 219, 221, 226) As the Judge who tried this case, it is my personal recollection that the evidence adduced at trial was conclusive on both points. Because the evidence was conclusive, the movant cannot show that he was prejudiced by defense counsel's alleged deficient representation.

For the reasons explained above, the movant has failed to establish that he was prejudiced by defense counsel's representation. Because the movant cannot satisfy both parts of the two-part test under *Strickland*, this claim is without merit.

Certificate of Appealability

For the reasons previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

**3. Defense Counsel Failed to Review Available
Documents and Transcripts in
Preparing for the Case**

The movant asserts that defense counsel "failed to read and review the available records and transcripts (Suppression Hearing) . . . to prepare for [his] defense." (Docket Entry No. 1, Ground One, ¶ 3, p. 5-2) The movant asserts further that, had defense counsel done so, "there is a reasonable probability" that his trial "would have ended differently." (Docket Entry No. 1, Ground One, ¶ 3, p. 5-2) According to the movant, because he did not review "any of the evidence," defense counsel failed to present any evidence that the drugs and weapons seized at 3288 Niagra Court were not his. (Docket Entry No. 1, Ground One, ¶ 3, p. 5-2)

Although *pro se* pleadings are held to less stringent standards than those prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal courts are not willing to abrogate basic pleading essentials in *pro se* actions, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions, legal conclusions, and/or personal opinions are required. *Id*. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to

5

support conclusory claims.  *Wells*, 891 F.2d at 594.  Conclusory claims do not provide grounds for *habeas corpus* relief.  *See Stanford*, 266 F.3d at 460.

Apart from the transcript of the suppression hearing, the movant has not identified to what other "records" he is referring.  He merely claims that had defense counsel reviewed them, the result of the trial would have been different.  Without identifying the records at issue, and absent any supporting facts, this part of the movant's claim is conclusory.

The movant also does not specify what defense counsel overlooked from the suppression hearing, or how defense counsel's alleged oversight prejudiced the movant at trial. consequently, this part of the claim is conclusory as well.  Notwithstanding the conclusory nature of this second part of the movant's claim, the record shows that defense counsel represented the movant at the suppression hearing a mere two weeks prior to trial.  (Crim. Docket Entry No. 87)  Having represented the movant at the suppression hearing so near in time, defense counsel is deemed to have been aware of the substance of that hearing at the time of trial.

In addition to the foregoing, the record does not support the movant's apparent argument that defense counsel did not present any evidence at trial that the movant did not reside at 3288 Niagra Court.  Defense counsel called Candice Shelton (Shelton) in an effort to establish that the movant did not reside at 3288 Niagra Court, but Shelton invoked her rights under the Fifth Amendment and refused to testify.  (Crim. Docket Entry No. 89, pp. 177-80)  When Shelton refused to testify, defense counsel's moved to introduce  Shelton's testimony at the suppression hearing in which she testified that the movant did not reside at 3288 Niagra Court, but his motion was denied.  (Crim. Docket Entry No. 27, pp. 45-47; No. 89, pp. 180-82)

Defense counsel also called Brandon Childs.  (Crim. Docket Entry No. 89, p. 183)  Childs, an employee of the Davidson County Community Corrections Program, testified that his records showed the movant had moved from 3288 Niagra Court to 420 Elysian Fields on November 27, 2001.

6

(Crim. Docket Entry No. 11; No. 89, p. 183)  The movant's conviction was for offenses that occurred in June 2002.[1]  (Crim. Docket Entry No. 11)

Finally, defense counsel offered the testimony of Robert Nestler, a carpenter who had worked at 3288 Niagra Court for more than a month prior to the movant's arrest.  (Crim. Docket Entry No. 89, pp. 189-90)  Nestler testified that Shelton and another man – not the movant – were "boyfriend and girlfriend," and that he did not recall seeing the movant at 3288 Niagra Court during the time he worked there.[2]  (Crim. Docket Entry No. 89, pp. 192-93)

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation.  Therefore, this claim is without merit.

### Certificate of Appealability

For the reasons previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 4.  Defense Counsel Failed to Object to Prosecutorial Misconduct During Opening Statements and Closing Arguments

The movant asserts that defense counsel's representation was deficient, because he did not object to prosecutorial misconduct during opening statements and closing arguments.  (Docket Entry No. 1, Ground One, ¶ 4, pp. 5-2 & 5-3)  The movant asserts that the prosecution: 1) "repeatedly vouched" for the government's witnesses; 2) "alluded" to his "failure" to cooperate with the police; 3) ridiculed the defense; 4) misstated the law by arguing that the movant had the burden of proving

---

[1]  Childs' testimony was later discredited because the telephone number that the movant provided the Community Corrections Program for the 420 Elysian Fields apartment – 885-6428 – actually was the telephone number at 3288 Niagra Court, and because Childs had never actually seen the movant at the Elysian Fields apartment, he could not confirm that the movant lived there.  (Crim. Docket Entry No. 89, pp. 184-88)

[2]  Nestler later admitted on cross-examination that he had seen the movant at 3288 Niagra Court.  (Crim. Docket Entry No. 89, p. 202)

his innocence; 5) argued for a guilty verdict based on grounds not in evidence; 6) and misrepresented the government's evidence. (Docket Entry No. 1, Ground One, ¶ 4, p. 5-3) The movant maintains that defense counsel should have moved for a mistrial because of the prosecution's alleged remarks. (Docket Entry No. 1, Ground 1, ¶ 4, p. 5-3) The movant also maintains that, although he instructed counsel to do so, appellate counsel failed to procure the transcripts and raise this issue on direct appeal. (Docket Entry No. 1, Ground 1, ¶ 4, p. 5-3)

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004); *see Lundgren v. Mitchell*, 440 F.3d 754, 778 (6th Cir. 2006). "[T]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see Lundgren*, 440 F.3d at 778 (quoting *Darden* and *Donnelly*). "The touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982); *see Serra v. Mich. Dep't Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993). Finally, federal *habeas corpus* relief may be granted "only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). To obtain federal *habeas corpus* relief, the movant must establish that "the prosecution's conduct was both improper and so flagrant as to warrant reversal." *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003).

The movant does not provide any references to the record to support any of the six factual predicates underlying this claim, nor can any supporting facts be liberally construed from the pleadings. Consequently, this claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide a basis for *habeas corpus* relief.

Notwithstanding the conclusory nature of this claim, the Court finds that there is no evidence in the trial transcript that the prosecutor said anything during his opening statement and/or closing

8

argument that was improper. (Crim. Docket Entry No. 95, pp. 7-24, 27-30) As the judge who tried this case, that is my personnel recollection as well. Because the prosecutor's remarks were not improper, the question of flagrance is moot.

Inasmuch as there was no prosecutorial misconduct, defense counsel's representation was not deficient for not objecting to the prosecutor's statements. Neither was the movant prejudiced because defense counsel did not object. Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 5. Defense Counsel Failed to Explain His Sentence Exposure, to Pursue a Plea Agreement, or to Convey any Offer Diligently

The movant alleges that defense counsel never explained that he was facing a mandatory life sentence, or the significance of being convicted as an armed career criminal. (Docket Entry No. 1, Ground One, ¶ 5, pp. 5-3 & 5-4) According to the movant, he "specifically instructed" defense counsel to seek a plea agreement, but defense counsel "never conveyed any plea-offer by the Prosecutor's Office." (Docket Entry No. 1, Ground One, ¶ 5, pp. 5-3 & 5-4) The movant claims further that, had a "reasonable" plea offer been made, he "most probably" would have accepted it. (Docket Entry No. 1, Ground One, ¶ 5, p. 5-4)

The government has provided defense counsel's affidavit in support of its argument that the movant is not entitled to *habeas corpus* relief on this claim. (Docket Entry No. 12, Ex. 2) In his affidavit, defense counsel: 1) attests that he explained the movant's sentence exposure to him (Docket Entry No. 12, Ex. 2. ¶ 6, p. 2); 2) attests to having had "at least one in-person meeting" with the movant in which he "*again* discussed his potential sentencing exposure" (Docket Entry No. 12, Ex. 2, ¶ 6, p. 2)(emphasis added); 3) attaches a copy of his November 19, 2002 letter to the movant in

9

which he: a) memorializes a "recent discussion with the movant regarding an offer by [the] government to settle th[e] case"; b) explains to the movant that he faces "mandatory life imprisonment" if he declines the government's offer; c) writes "during our meetings you do not seem to want to consider the government's offer"; d) notes that the movant was relying on a motion to suppress which had "little, if any, chance of success" if filed; e) observes that, if the motion to suppress is filed, the government will withdraw the plea offer; and f) expressed that it was "crucial" that the movant "consider all of this before filing the motion to suppress" (Docket Entry No. 12, Ex. 2, Attach. Ex. A). The government also refers to the movant's admission at the January 7, 2003 suppression hearing that his original attorney, Doug Thoreson, informed him that he was facing life imprisonment. (Crim. Docket Entry No. 27, pp. 40-42)

It is apparent from the record that defense counsel explained the movant's sentencing exposure to him, and that his exposure was explained to him more than once. The record also supports the conclusion that defense counsel negotiated a plea agreement on the movant's behalf, that defense counsel conveyed and explained the plea agreement to the movant, and that defense counsel advised the movant that the government would withdraw its offer if the movant filed a motion to suppress. Having observed the movant throughout the course of the criminal proceedings against him, it is my recollection as the trial judge that the movant was capable of understanding and appreciating the significance of defense counsel's November 19, 2009 letter, *i.e.*, that he faced "mandatory life imprisonment" if he filed the motion to suppress, and that the government would withdraw its offer if he did so. This claim has no basis in fact.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

### Certificate of Appealability

For the reasons previously explained, *supra* at p. 4, a COA will not issue with respect to this

10

claim.

### 6. Defense Counsel Failed to Preserve a
### Confrontation Clause Violation

The movant asserts that the prosecution violated his right to confront witnesses against him, and that defense counsel failed to preserve this alleged violation of his rights. (Docket Entry No. 1, Ground One, ¶ 6, p. 5-4) In his reply to the government's response that the movant had not provided a factual basis to support his claim, the movant "admit[s] that his confrontation[] claim lacks specific factual under-pin[n]ings." (Docket Entry No. 17, ¶ I.6, p. 7) In an effort to salvage his claim, the movant asserts that the prosecution "proffered the testimony of numerous law enforcement-type witnesses" who testified about statements that "non-testifying individuals . . . made outside of the Courtroom." (Docket Entry No. 17, ¶ I.6, p. 7)

The movant does not identify who the "numerous" law-enforcement witness were, who the non-testifying witnesses were, the testimony at issue, or how defense counsel's representation prejudiced him. Neither can these omitted facts be liberally construed from the pleadings. Consequently, this claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for *habeas corpus* relief.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 7. Defense Counsel Failed to Object and/or Properly Preserve
### His Prosecutorial Misconduct Claim

The movant asserts that Assistant United States Attorney (AUSA) Sunny Koshy threatened defense witness Candace Shelton "in the courtroom while the jury was excused," the alleged result

11

of which was that she did not testify on his behalf.  (Docket Entry No. 1, Ground One, ¶ 7, p. 5-4)  The movant asserts that defense counsel was present when the alleged threat was made.  (Docket Entry No. 1, Ground One, ¶ 7, p. 5-4)  The movant relies on Shelton's affidavit (Shelton Affidavit) in which Shelton attests that she did not testify at the movant's trial because the AUSA threatened her with criminal charges.  (Docket Entry No. 1, Shelton Affidavit, ¶ 3).

Shelton's affidavit does not support the movant's claim.  First, Shelton's claim that she was threatened and intimidated pertains to an alleged event that occurred at her place of employment, not in the courtroom.  (Docket Entry No. 1, Shelton Affadavit)  Second, she does not assert that the movant's attorney was present during the alleged incident.  Additionally, the movant has failed to specify what testimony Shelton would have given that would have altered the outcome of his trial.  Assuming for the sake of argument that Shelton would have testified that the movant did not live at 3288 Niagra Court, as previously established, the evidence was conclusive that he did.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation.  Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

**8.  Defense Counsel Failed to Cross-examine Prosecution
Witnesses Adequately**

The movant asserts that defense counsel failed to cross-examine prosecution witnesses effectively, because he had failed to prepare adequately for trial.  (Docket Entry No. 1, ¶ 8, Ground One, ¶ 8, p. 5-5)  The movant asserts further that "some" of the prosecution witnesses who testified at trial, also testified at the prior suppression hearing, but defense counsel did not "confront [them] with their apparent inconsistent statements."  (Docket Entry No. 17, ¶ I.8, pp. 8-9)

12

The movant does not identify the witnesses to whom he is referring, the testimony that defense counsel should have challenged, the inconsistencies alleged, how defense counsel's alleged failure to challenge the testimony at issue would have produced a different result a trial, nor can these necessary supporting facts be liberally construed from the pleadings. Consequently, this claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for *habeas corpus* relief.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

**9. Defense Counsel Failed to Move and Argue for the
Exclusion of Unlawful and Unduly
Prejudicial Evidence**

The movant asserts that defense counsel failed to object to "all sorts of unlawful evidence at . . . trial," to "preserve issues for appeal or move to suppress [evidence] before trial." (Docket Entry No 1, Ground One, ¶ 9, p. 5-5) The movant alleges further that defense counsel failed to "challenge certain evidence . . . prior to trial," and that he failed to "properly handle the suppression proceedings . . . ." (Docket Entry No. 1, Ground One, ¶ 9, p. 5-5)

The movant does not identify the evidence to which he is referring, what issues defense counsel failed to suppress prior to trial or preserve for appeal, what defense counsel did or did not do at the suppression hearing that amounted to deficient representation, or how defense counsel's alleged failure to challenge the unspecified evidence at issue prejudiced him. Neither can this information be liberally construed from the pleadings. Once again, this claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for

13

*habeas corpus* relief.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 10. Defense Counsel Failed to Object to and Preserve for Review the Prosecution's Suppression of Favorable Evidence

Citing *Brady v. Maryland*, 373 U.S. 83 (1963), the movant asserts that he "repeatedly complained" to defense counsel that the prosecution was not disclosing evidence favorable to him. (Docket Entry No. 1, Ground One, ¶ 10, pp. 5-5 & 5-6) The movant also alleges that defense counsel "failed to make a record of the AUSA's misconduct [that] depriv[ed] him of a fair trial," *i.e.*, that AUSA Koshy threatened Shelton. (Docket Entry No. 1, Ground One, ¶ 10, pp. 5-5 & 5-6)

The movant does not specify the *Brady* evidence to which he is referring, or explain how defense counsel's representation prejudiced him in the context of *Brady*. Neither can any facts in support of the movant's *Brady* claim be liberally construed from the pleadings. Consequently, the movant's *Brady* claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for *habeas corpus* relief. As to the movant's claim that defense counsel failed to make a record of AUSA Koshy's alleged threat to Shelton, for the reasons previously explained, *supra* at pp. 12-13, the underlying prosecutorial misconduct claim is without merit.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

Certificate of Appealability

14

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 11.  Defense Counsel Failed to Request Certain Jury Instructions, and to Object to Those That Were Given

The movant asserts that defense counsel "offered no . . . proposed jury instructions nor did defense counsel object to the . . . Court's instructions as given." (Docket Entry No. 1, Ground One, ¶ 11, p. 5-6)  The movant asserts further that the Court "failed to instruct the jury as to the applicable law related to the particular circumstances of [his] criminal case." (Docket Entry No. 1, Ground One, ¶ 11, p. 5-6)

The movant does not specify the jury instructions or "the applicable law" to which he is referring, nor does he explain how he was prejudiced because defense counsel did not propose any jury instructions, or challenge those that were given to the jury.  Neither can the facts required to support this claim be liberally construed from the pleadings.  Accordingly, this claim is conclusory. For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for *habeas corpus* relief.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation.  Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 12.  Counsel at Sentencing Failed to Obtain Necessary Court Documents to Defend the Movant at the Sentencing Hearing

The movant asserts that Thomas Drake (counsel at sentencing), "failed to investigate and procure state criminal records to show that [his] prior convictions did not qualify for mandatory life

15

. . . or for application of armed career criminal act . . . ."  (Docket Entry No. 1, Ground One, ¶ 12, pp. 5-6 & 5-7)  The crux of the movant's argument is that the state convictions at issue should have been considered as a single conviction rather than multiple convictions.

To establish that he was prejudiced by the manner in which his prior state convictions were used to calculate his federal sentence, the movant must establish that the state convictions at issue should have been counted as a single offense, rather than multiple offenses.  The movant raised that specific claim on direct appeal.  (Docket Entry No. 101, pp. 10-14)  In addressing this claim on the merits, the Sixth Circuit held that "[e]ach of the three previous state drug felonies . . . listed by the government constitute a separate episode, and thus qualify as predicate offenses for the purposes of enhancing [the movant's] sentence . . . ."  (Crim. Docket Entry No. 101, pp. 10-14)  In other words, for the movant to prevail in this Court on this claim, the Court would – in essence – have to overrule the Sixth Circuit's determination that the movant's prior state convictions were applied properly.

The law is well established that the movant may not use a motion under § 2255 to re-litigate an issue raised, considered, and decided on direct appeal absent "exceptional" or "extraordinary" circumstances.[3]  *See Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974)(*per curiam*), *cert denied*, 423 U.S. 861 (1975).  The movant does not allege "exceptional" or "extraordinary" circumstances in his case, nor can any such "exceptional" or "extraordinary" circumstances be liberally construed from the pleadings.

For the reasons explained above, the movant cannot show that counsel's representation at sentencing was deficient, or that he was prejudiced by counsel's representation at sentencing.  Therefore, this claim is without merit.

---

[3]  Although the Sixth Circuit has not defined "exceptional" or "extraordinary" circumstances, it has equated such circumstances to an intervening change in the law.  *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

16

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 13. Counsel at Sentencing Failed to File Proper Objections To the Presentence Report

The movant alleges that counsel at sentencing failed to file necessary objections to the presentence report (PSR) as the movant directed him to. (Docket Entry No. 1, Ground One, ¶ 13, p. 5-7) The movant asserts that "erroneous factual statements . . . advers[ely] affected" his sentencing. (Docket Entry No. 1, Ground One, ¶ 13, p. 5-7)

The movant does not specify the objections that he sought to raise to the PSR, identify the "erroneous factual statements" in the PSR to which he refers, nor does he make any effort to show that failure to correct the alleged factual errors prejudiced him. In other words, this claim is conclusory. In any event, the record shows that sentencing counsel did, in fact, file objections to the (Crim. Docket Entry No. 66, 68, 78), and that he did, in fact, argue those objections at length at the sentencing hearing (Crim. Docket Entry No. 86, pp. 2-6).

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation. Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 14. Counsel at Sentencing Failed to Provide Him with The Defense Strategy at Sentencing

The movant asserts that counsel at sentencing was "completely unprepared." (Docket Entry No. 1,Ground One, ¶ 14, p. 5-7) The movant asserts further that counsel at sentencing "failed to review the necessary documents to . . . assist the movant," and that he "failed to research the

17

applicable legal questions . . . at issue . . . ."  (Docket Entry No. 1, Ground One, ¶ 14, p. 5-7)

The movant has once again provided no facts in support of his claim, nor can any be liberally construed from the pleadings.  Consequently, this claim is conclusory.  For the reasons previously explained, *supra* at pp. 5-6, conclusory allegations do not provide grounds for *habeas corpus* relief.

The movant has failed to establish that defense counsel's representation was deficient, or that he was prejudiced by defense counsel's representation.  Therefore, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### 15.  Defense Counsel's Overall Performance Was Deficient, And Deprived Him of a Fair Trial

The movant asserts that, but for the cumulative effect of appointed counsel's representation, the proceedings in his case "would most probably [have] been resolved without [him] receiving a life sentence . . . ."  (Docket Entry No. 1, Ground One, ¶ 15, pp. 5-7 & 5-8)  For the reasons explained herein, the movant has failed to establish a single instance of ineffective assistance of counsel.  Therefore, the movant's cumulative-effect claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

### B.  Movant's Amedment 709 Claim

The movant asserts that he is entitled to relief under Amendment 709 to the Sentencing Guidelines.  (Docket Entry No. 1, Ground Two, pp. 6-1 thru 6-5)  The thrust of the movant's argument is that Amendment 709 changed the manner in which his criminal history score should have been computed.  He argues that Amendment 709 – which became effective on November 1, 2007 –

18

applies retroactively.

The Sixth Circuit has held that an amendment to the Sentencing Guidelines does not apply retroactively if it does not appear in § 1.B1.10(c) of the Sentencing Guidelines. *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994). Amendment 709 is not listed in § 1.1B1.10(c). Therefore, Amendment 709 does not apply retroactively.[4] *Id*. This claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

**C. Ineffective Assistance of
Appellate Counsel**

The movant alleges that appellate counsel ignored his specific instructions as to which issues to brief and argue on direct appeal. (Docket Entry No. 1, Ground Three, p. 8-1) The movant argues further that he has "provided this court with his sworn declaration and letters that [he] sent to appellate counsel in which [he] directed counsel to brief certain issues on appeal." (Docket Entry No. 17, ¶ 14, p. 10)

A criminal defendant is entitled to effective assistance of appellate counsel on appeal as of right. *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Claims of ineffective assistance of appellate counsel are subject to the two-part *Strickland* test, which requires a defendant to show both deficient representation and prejudice. *Id*. To meet his burden, the movant "must show that the performance of counsel fell below an objective standard of reasonableness and that there is a

---

[4]  Although the Sixth Circuit does not appear to have addressed the issue of retroactivity in the context of Amendment 709, every circuit to have considered the question has ruled that Amendment 709 does not apply retroactively. *See United States v. Abusaid*, 2008 WL 4483422, * 2 ( 11th Cir. 2008)(Amendment 709 not retroactive because it is not listed in § 1B1.10(c)); *United States v. Archer*, 282 Fed.Appx. 164, 169 (3rd Cir. 2008)(Amendment 709 not given retroactive effect under § 1B1.10(c)); *United States v. Marler*, 527 F.3d 874, 878 n. 1 (9th Cir. 2008)(Amendment 709 does not apply retroactively); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008)(Amendment 709 not retroactive because it is not listed as such in § 1B1.10(c)); United *States v. Cofield*, 259 Fed.Appx. 575, 576 (4th Cir. 2007)(Amendment 709 not retroactive because it is not listed as such in § 1B1.10(c)).

Case 3:08-cv-00567   Document 23   Filed 12/18/09   Page 19 of 22 PageID #: 189

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004)(internal quotation marks omitted); *see also Maples v. Steagall*, 340 F.3d 433, 437 (6th Cir. 2003).

The substance of the movant's ineffective assistance of appellate counsel claim relates to his allegations of prosecutorial misconduct and violations of *Brady*, the underlying factual predicates of which already have been addressed in the context of the movant's claims of ineffective assistance of defense counsel, *supra* at pp. 7-9, 12-15.  For the reasons previously explained, the movant cannot establish that he was prejudiced because appellate counsel did not raise these claims on appeal. Accordingly, this claim is without merit.

Certificate of Appealability

For the reasons previously as previously explained, *supra* at p. 4, a COA will not issue with respect to this claim.

**D.  Prosecutorial Misconduct**

The movant argues that the government engaged in prosecutorial misconduct during his trial. (Docket Entry No. 1, Ground Four, p. 9-1)  More particularly, the movant alleges that the prosecution intimidated witnesses, made improper arguments and statements to the jury, suppressed favorable evidence, and allowed perjured testimony by government witnesses.  (Docket Entry No. 1, Ground Four, p. 9-1)

The movant should have raised these prosecutorial misconduct claims on direct appeal.  Apart from this claim as it pertains to Candice Shelton,[5] he did not.  A movant's failure to raise a claim on direct appeal results in the procedural default of that claim.  *See Bousley v. United States*, 523 U.S.

---

[5]  The movant raised his prosecutorial misconduct in the context of Candace Shelton on direct appeal. However, the Sixth Circuit declined to consider the claim, because the movant had not raised the claim in the district court first, or developed it sufficiently on direct appeal.  (Crim. Docket Entry No. 101, pp. 27-28)

20

614, 612 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Claims that could have been raised on direct appeal, but were not, are procedurally barred from consideration unless the movant can show "cause" for his failure to raise them earlier, and "prejudice" arising from the alleged constitutional violations.[6] *Bousley*, 523 U.S. at 614. The movant makes no effort to establish "cause" and "prejudice" with respect to this claim. Therefore, these prosecutorial misconduct claims are procedurally defaulted for purposes of *habeas corpus* review.

### Certificate of Appealability

Where, as here, the district court denies *habeas corpus* on procedural grounds without reaching the merits of the movant's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that jurists of reason would not debate whether the court was correct in its procedural ruling with respect to the movant's prosecutorial misconduct claim. Accordingly, a COA will not issue as to this claim.

### III. CONCLUSION

For the reasons explained herein, the movant's motion for *habeas corpus* relief will be denied, and this action dismissed. A COA will not issue as to any of the movant's claims.

---

[6] "Cause" in the context of procedural default ordinarily turns on whether the movant can show that some objective factor external to him impeded his ability to raise the claim on appeal. *Murray v. Carrier*, 477 U.S. 478 (1986). To satisfy the prejudice half of the two-part analysis, the movant must demonstrate actual prejudice, not merely a possibility of prejudice. *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986). *Pro se* litigants are not excused from the cause and prejudice standard. *Lewis v. United States*, No. 96-3092, 1997 WestLaw 49028, * 8 (6th Cir. (Ohio)(citing *Haley v. United States*, 78 F.3d 282, 285 (7th Cir. 1996)(*per curiam*); *McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir. 1995); *George v. Perrill*, 62 F.3d 333, 335 (10th Cir. 1995)), *overruled on other grounds by Ackerman v. Novak*, 483 F.3d 647 (10th Cir. 2007).

An appropriate Order will be entered.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT